**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4558**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

WADDY NATHAN AGNEW, a/k/a Gator,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. Louise W. Flanagan, District Judge. (4:12-cr-00002-FL-1)

Submitted: February 12, 2013      Decided: March 12, 2013

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Mark R. Sigmon, GRAEBE HANNA & SULLIVAN, PLLC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Waddy Nathan Agnew pled guilty, pursuant to a plea agreement, to conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine and a quantity of cocaine base, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 135 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but questioning the calculation and reasonableness of Agnew's sentence. Agnew was informed of his right to file a pro se brief but has not done so. The Government has filed a motion to dismiss this appeal on the ground that Agnew knowingly and intelligently waived the right to appeal his sentence. For the reasons that follow, we dismiss in part and affirm in part.

In his plea agreement, Agnew waived the right to appeal his sentence, except to the extent that it exceeded the Guidelines range established at sentencing. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d

2

165, 167-68 (4th Cir. 1991). A review of the record reveals that the court determined Agnew was competent to plead guilty, had the opportunity to discuss his plea agreement with counsel, entered his guilty plea in the absence of threats or force, and understood the terms of his appeal waiver. Thus, we conclude that Agnew validly waived his right to appeal his sentence and that the claims raised on appeal fall within the scope of his waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (providing standard). Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of Agnew's sentence.

Although the waiver provision in the plea agreement precludes our review of Agnew's sentence, the waiver does not preclude our review of any errors in Agnew's conviction that may be revealed by our review pursuant to Anders. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore deny in part the Government's motion to dismiss and affirm Agnew's conviction.

This court requires that counsel inform Agnew, in writing, of his right to petition the Supreme Court of the United States for further review. If Agnew requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

3

leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Agnew. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>